WILFRED MARTIN, Appellant, v. EARL BEAVER, Appellee.

No. 47025.

NOVEMBER 11, 1947.

Carlos W. Goltz, of Sioux City, for appellant.

Hobart E. Newton, of Stuart, and Jones & Cambridge, of Atlantic, for appellee.

HALE, J.—On August 24, 1943, the wife of Wilfred Martin, plaintiff in this action, was awarded a decree of divorce in Adair county with alimony and an award of certain household goods. The plaintiff in that suit is the daughter of defendant, Earl Beaver, of Cass county.

There was a child, James, of that marriage whose custody was granted to the mother with the right of visitation to the father, who was also given the right to take the child to his home once each month for a visit not to exceed one day at a time. Subsequently, on the 21st of June, 1944, the decree as to the custody of the child was modified to the extent that Wilfred Martin was permitted to have the child in his custody one day and night of each month of the year, with certain restrictions; that the child should not be taken out of the state, or to public or semipublic gatherings or meetings.

On Tuesday, June 27, 1944, plaintiff drove to the residence of the defendant, Earl Beaver, in Anita, and took his son, James, home with him. At about eight o'clock the next day he returned with his son to the Beaver residence where an altercation occurred between the plaintiff and the defendant, and according to the plaintiff this was about nine o'clock in the evening. The grandfather, Beaver, asked why plaintiff did not return James sooner. There was some discussion, and according to plaintiff there was an argument and defendant called him vile names and struck him and severely injured him. Plaintiff claims in his testimony that defendant threatened him and further claimed that the defendant was intoxicated. It seems that this occurred before plaintiff left the premises and continued until he got into his car. Plaintiff claims he was struck three or four times and that defendant tried to reach in the window of the car to strike him again. Beaver went into the house, plaintiff states, at the request of his wife. Plaintiff then had a conversation with Mrs. Beaver, lasting from five to ten minutes. Apparently Margery, plaintiff's former wife, was in the house but did not come out.

It is unnecessary to go into all the details of the controversy that took place at that time, but the result was that plaintiff was, to some extent, injured. He states that he did not go after the child again until October 1944, testifying that he was afraid, but since that time and up to the trial of this action he went after the child every month and has never been interfered with. There was medical testimony as to the extent of his injuries, but so far as the record shows there has never been a repetition of any violence toward him. It is claimed by defendant that just prior to the time of the attack he ordered plaintiff off the premises, and there is no evidence that plaintiff was struck after he got into his car.

After this trouble on June 28th, the plaintiff, on July 27, 1944, filed a petition in equity reciting the facts of the divorce with modification of the decree, and the terms of the decree, and the fact of the alleged assault, and an affidavit showing his injuries, charging that the plaintiff fears for his safety, and that his life and well-being will be endangered and that his property will be destroyed; that he has no plain, speedy or adequate remedy at law, and pleads that unless the writ of injunction issue he will suffer great and irreparable injury at the hands of the defendant; that the wrongful acts of the defendant will affect the health and welfare of James, and that defendant is endeavoring to deny plaintiff the right to see and visit his son; that defendant endeavored to demolish his automobile and asks that defendant be restrained from the commission or continuance of the said acts; and asks an injunction prohibiting the defendant from interfering with or obstructing or stopping the plaintiff from seeing his child, or the use of threats, assaults, or injury by violence to himself or to his property, and the usual allegations of a petition for injunction.

To this petition filed in Cass county the defendant filed a special appearance which was overruled, and on October 7th the defendant filed a motion to dismiss, with various allegations, which was also overruled by Judge Davidson on October 13th. The grounds of this ruling were that the jurisdiction was in Cass county; that Earl Beaver was not a party to the divorce action in Adair county; that plaintiff's petition sets out suffi-

cient facts, if true, to establish a prima facie case; that there was no other action pending between the same parties for the same reasons and upon the same cause of action, and that the said Earl Beaver is the sole defendant.

Answer to the petition for injunction was filed October 19th setting up again the question of jurisdiction, and another action pending, and alleging that the plaintiff maliciously attempted to provoke a quarrel on the evening of the return of the child and he has at all times since the divorce decree attempted to molest the defendant and his daughter, Margery Martin, and did at the time and place stated in plaintiff's petition maliciously and designedly attempt to incite this defendant to physical violence against him. The defendant further answering alleges that the plaintiff has a plain, speedy and adequate remedy at law; that the plaintiff has pending in the district court in Cass county an action for damages for the sum of $15,000. Further, by amendment filed April 11, 1945, defendant alleges that since the month of October 1944, the plaintiff has taken the child one day and one night each month, as provided by the decree of the district court, and has in no manner been disturbed, molested, or interfered with. A motion to strike the amendment to the answer was overruled, and plaintiff filed a reply stating that he was not permitted to visit the child for a considerable time, and alleging that while he has not been disturbed or molested since October 1944, the conduct of defendant and the atmosphere have been so at all times that the plaintiff is fearful that there might be further violence.

I. The trial of this action terminated on April 13, 1945, and on July 18th following the court rendered a decree finding, among other things, that the plaintiff did not leave the premises of the defendant promptly after returning the child, and that the actions of the defendant from that time on consisted in endeavoring to get the plaintiff to leave the premises. The court held that under the facts defendant had a right to require the plaintiff to leave his premises and to eject him therefrom; that having since been unmolested the facts are not such as to invoke the remedy of injunction and that the petition of plaintiff is dismissed.

Plaintiff-appellant denies that the findings of the court are supported by the testimony or that the conclusions of law are warranted; alleges that the law of the case was established by the ruling of Judge Davidson, and argues that it is elementary that one court cannot sit in review upon the decisions of another court of concurrent jurisdiction; that judges of co-ordinate jurisdiction sitting in the same court in the same case should not overrule the decisions of each other, and that a decision once rendered by a trial court is res judicata as to the issues passed upon. He alleges further that injunction is generally a preventive, not an affirmative, remedy; that it is sometimes used in the latter character, but this in cases where it is used by the court to carry into effect its own decrees; that equity courts have a right to use a writ of injunction as an auxiliary remedy.

As to any of these legal propositions we do not think there can be much dispute, but we do not agree with the plaintiff in holding that the ruling of Judge Davidson on the motion to dismiss was such an adjudication as would prevent a subsequent ruling by Judge Johnson in this case. The matters decided by Judge Davidson, in overruling the motion to dismiss, were mostly upon propositions which are not raised in this appeal.

The question of jurisdiction is not raised here, nor is the question of another action pending, or the alleged defect of parties defending. The only part of the ruling which could in any way bear upon the issues here is the third division thereof which states that plaintiff's petition sets out and alleges certain facts which, *if true*, would establish a prima facie case. We doubt, however, whether the facts shown on the trial do establish a case warranting the extraordinary remedy of injunction. The facts alleged in a petition are not necessarily the facts which develop on a trial.

Other grounds of defendant's motion to dismiss, such as irreparable injury, or the lack of an adequate remedy at law, were not touched upon or determined by the judge's ruling on the motion, but he expressly limited himself to the matters we have hereinbefore set out. The ruling on that motion does not determine the result of this' action, nor attempt to do so.

The court expressly defines upon what grounds the motion was overruled, and such grounds are not in issue here. We do not agree with plaintiff's interpretation of the court's ruling on the motion to dismiss. We have, therefore, before us the question of whether or not the facts justify the issuance of an injunction.

II. We have, at numerous times, announced the proposition that injunctions are only issued when there is no adequate remedy at law. To that effect defendant cites Semones v. Needles, 137 Iowa 177, 114 N. W. 904, 14 L. R. A., N. S., 1156, 15 Ann. Cas. 1012; Central I. R. Co. v. Moulton & A. R. Co., 57 Iowa 249, 10 N. W. 639. It is stated in the case of Maben v. Olson, 187 Iowa 1060, 1071, 175 N. W. 512, 516:

"While it is true an injunction may issue if there be no adequate remedy at law, it does not follow that it must issue in every case wherein the remedy is not as adequate as it might have been. Eliminate constitutional objections, and chancery will not intervene merely to better such remedy as the legislature has deemed sufficient."

The defendant argues that equitable jurisdiction to grant injunctive relief will not necessarily be exercised in all cases where there has been a violation of legal right. Under certain circumstances the party injured may be relegated to his remedy at law, or may be precluded by reason of his conduct, or by laches or acquiescence from resorting to the remedy. There must be some equitable ground for interference by injunction, such as the necessity of restraining irreparable mischief, of preventing a multiplicity of suits or of suppressing oppressive and interminable litigation, or it must appear that the injury is of such a character that it cannot be adequately compensated by damages at law, or is such as, from its continuance or from the permanent mischief caused, must occasion constantly recurring grievance which cannot be removed or corrected otherwise than by such preventive remedy.

As a general rule injunctive relief is used sparingly and the court should act with deliberation and caution. We do not think that in this case the evidence warrants the finding that there is a necessity for restraint, that there is irreparable

mischief, or that it is shown that there is much danger of recurring grievances. The plaintiff, of course, alleges that he is in fear, but after all these months with no further interference and no attempt to prevent him from exercising the legal right of custody granted by the decree, we are not convinced that there are reasonable grounds for any such belief.

Courts do not ordinarily issue injunctions to prevent criminal acts. Moir v. Moir, 182 Iowa 370, 165 N. W. 1001; 43 C. J. S., Injunctions, section 150. In said section 150 it is said:

"Except where there is express statutory authority therefor, equity has no criminal jurisdiction, and acts or omissions will not be enjoined merely on the ground that they constitute a violation of law and are punishable as crimes. Under ordinary circumstances a complete and adequate remedy for the violation of the criminal statutes of a state and of municipal ordinances is afforded by the courts of law; and, if a criminal prosecution will constitute an effectual protection against the acts or omissions complained of, no grounds exist for relief by injunction."

The case then enumerates a number of objections to "criminal equity."

In 28 Am. Jur., Injunctions, section 148, the same doctrine is announced and it is there stated:

"It may be observed at the outset that equity is in no sense a court of criminal jurisdiction, and its reluctance to intervene in matters purely criminal or penal is recognized universally. * * * The rule which prevents courts of chancery from interfering with the administration of the criminal laws of the state is a wise one, founded upon sound principles of public policy. Any other rule would result in much confusion and embarrassment in preserving peace and order and in enforcing the police powers of the state generally."

Campbell v. Jackman Bros., 140 Iowa 475, 484, 118 N. W. 755, 758, 27 L. R. A., N. S., 288, announces the same doctrine. It is said:

"The subject-matter of equity jurisdiction, except when en-

larged by statute, is the protection of private **property and** civil rights, and courts of equity will not interfere by injunction or otherwise for the prevention or punishment of criminal or immoral acts unconnected with the violation of private right. Nor will it undertake to enforce moral obligations nor the performance of moral duties.'' Citing 1 High on Injunctions, Fourth Ed., section 20; 6 Pomeroy's Equity, section 644, and other authorities.

Defendant argues that the plaintiff failed in various particulars: In not showing that injunction would prevent irreparable mischief or was necessary to prevent a continued injury; that plaintiff had no adequate remedy at law when in fact the record shows that he was already pursuing legal remedies and that he had brought an action for damages in Cass county, a contempt proceeding in Adair county, and an application for a modification of the divorce decree in Adair county; that plaintiff fails to show that there was any threatened danger to property rights, and wholly fails to show that the alleged wrongs were continuous; that plaintiff fails to show that there was an urgent necessity for an injunction, and that the evidence shows the plaintiff ''did not come into court with clean hands.''

■■ This is the substance of defendant's argument. We have examined the testimony and have summarized it herein. We feel that there has been no irreparable injury, nor that there has been evidence of acts to show continued injury; that there is a showing in the record that there was an adequate remedy at law. Plaintiff undertook to show some threatened injury to his automobile, but of this claim we are in doubt. The suggestion in the evidence that there was danger to property rights does not strongly impress us.

The court found from the testimony that there was no danger of the alleged wrongdoing continuing. Plaintiff insists that he is in fear, but he has continued to visit the house for the purpose of taking the child and returning him, and has not suffered any harm, and, so far as the testimony shows, there have been no manifestations or threats since the time the alleged assault occurred.

We think the record fails to sustain the right of the plain-

tiff to injunctive relief, and we are not inclined to disturb the ruling of the district court upon this application. The cause is therefore affirmed.—Affirmed.

BLISS, GARFIELD, SMITH, and MANTZ, JJ., concur.

OLIVER, C. J., and HAYS, J., take no part.