Richard H. CLINTON, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15705.

United States Court of Appeals
Ninth Circuit.

April 21, 1958.

Rehearing Denied May 29, 1958.

Richard H. Clinton, in pro. per.

Charles P. Moriarty, U. S. Atty., Francis N. Cushman, Asst. U. S. Atty., Bogle, Bogle & Gates, Robert V. Holland, Seattle, Wash., for appellee.

Before POPE and FEE, Circuit Judges, and HAMLIN, District Judge.

HAMLIN, District Judge.

Appellant appeals a judgment of the court below determining against him his cause of action for maintenance and cure and for benefits under the Vocational Rehabilitation Act (29 U.S.C.A. § 31 et seq.).

The record before us discloses that on March 18, 1945, while appellant was serving as second mate aboard the S.S. Plymouth Victory, which was owned by the United States, appellee herein, he fell forty feet into a hold and suffered a fractured skull, a fracture of one of the bones of his left foot and other injuries. Thereafter, appellant employed an attorney and suit was commenced against the United States in which appellant sought to recover damages for the injuries he received in the fall. This suit was compromised prior to trial and on January 6, 1947, appellant signed a "Receipt and Release" in consideration of the sum of $4,962.50 which released the United States from all liability resulting

from the accident, including liability for maintenance and cure. The release stated, *inter alia*, "Libelant fell about 40 feet, fracturing his skull, separating the bones in the upper right part of his face, fracturing the os calcis of his left foot and causing him severe and prolonged concussion and shock." Appellant was represented by counsel at all times during these negotiations.

Eight years later, in August, 1955, appellant filed the present action in the district court seeking recovery for further maintenance and cure and for benefits under the Vocational Rehabilitation Act (29 U.S.C.A. § 31 et seq.). The district court held adversely to appellant and this appeal followed.

Appellant contends (1) that the trial court erred in finding that the release signed by him in 1947 precluded his recovery for further maintenance and cure, and (2) that the court erred in finding that the district court did not have jurisdiction of his claim for vocational rehabilitation under the Vocational Rehabilitation Act. We shall discuss these points in that order.

■ Releases of seamen are subject to scrutiny. Garrett v. Moore-McCormack Co., 1942, 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239. "One who claims that a seaman has signed away his rights to what in law is due him must be prepared to take the burden of sustaining the release as fairly made with and fully comprehended by the seaman." Harmon v. United States, 5 Cir., 1932, 59 F.2d 372, 373.

The following factors have influenced courts of this and other circuits to hold that a seaman's release was invalid: where the seaman signed the release while suffering from the effects of the injury which limited his ability to fully comprehend the effect of the release;[1] where the seaman was not represented by an attorney at the time he signed the release;[2] where the release was executed after the inaccurate diagnosis of the seaman's injury by doctors employed by the shipowner led the seaman to believe that his injuries were not as extensive as they eventually turned out to be;[3] where the shipowner's claim agent failed to inform the seaman of all his rights before the release was signed;[4] where the seaman was under an economic strain at the time of the signing.[5]

Comparing the facts surrounding appellant's release, as shown by the findings of fact of the district court (appellant having failed to bring to this Court a transcript of the trial), to the standards set forth above, we cannot say that the court erred in holding the release to be valid.

■ The trial court found, and appellant admits in his brief, that he was represented by competent counsel at the time the release was signed. The findings of fact also show that the release was read and understood by appellant and that he was mentally competent at the time he signed it; further, that there was neither fraud, duress nor economic need which influenced appellant to sign the release.

Appellant received $4,962.50 when he signed the release. The release does not set forth how much of that sum is at-

1. Thompson v. Coastal Oil Co., D.C., 119 F.Supp. 838, 839, reversed, 3 Cir., 221 F. 2d 559, reversed 352 U.S. 862, 863, 77 S.Ct. 90, 1 L.Ed.2d 73; United States v. Johnson, 9 Cir., 1947, 160 F.2d 789, reversed on other grounds 333 U.S. 46, 68 S.Ct. 391, 92 L.Ed. 468.

2. Thompson v. Coastal Oil Co., supra; Waters v. United States, 9 Cir., 1951, 191 F.2d 212; United States v. Johnson, supra; Bay State Dredging & Contracting Co. v. Porter, 1 Cir., 1946, 153 F.2d 827; Hume v. Moore-McCormack Lines, 2 Cir., 1941, 121 F.2d 336.

3. Stuart v. Alcoa S.S. Co., 2 Cir., 1944, 143 F.2d 178; Bonici v. Standard Oil Co., 2 Cir., 1939, 103 F.2d 437.

4. Muruaga v. United States, 2 Cir., 1949, 172 F.2d 318; German v. Carnegie-Illinois Steel Corp., 3 Cir., 1948, 169 F.2d 715; Bay State Dredging & Contracting Co. v. Porter, supra.

5. German v. Carnegie-Illinois Steel Corp., supra.

tributable to his cause of action for negligence and unseaworthiness. It might have been that his contention of negligence by appellee was entirely without foundation or that the accident was primarily caused by his own negligence and that practically the entire sum was paid for the relinquishment of his right to maintenance and cure. The record before us does not shed any light on the point. The trial court did not make a finding that the sum was adequate, but we are not in a position to say that it was not. Nor do we think it necessary to send the action back to the district court to make such a finding. We assume that the competent counsel procured the highest possible sum.

Appellant contends that a release of liability for maintenance and cure in consideration of a lump sum has been judicially disapproved and he cites Calmar S.S. Corp. v. Taylor, 1937, 303 U.S. 525, 58 S.Ct. 651, 654, 82 L.Ed. 993. In that case the district court awarded a lump sum for maintenance and cure to a seaman suffering from an incurable disease based upon his life expectancy. The Supreme Court disapproved of the yardstick employed by the lower court, stating:

"We can find no basis for saying that, if the disease proves to be incurable, the duty extends beyond a fair time after the voyage, in which to effect such improvement in the seaman's condition as reasonably may be expected to result from nursing, care, and medical treatment."

However, the Court did not say, as appellant contends, that an award of, or a release for, a lump sum may not be made.

This point was considered in Bonici v. Standard Oil Co., 2 Cir., 1939, 103 F.2d 437, 438. The district court in that case held that, on the authority of the Calmar case, a seaman could not release his claim for maintenance and cure. On appeal, the court said, "We feel that this is an unwarranted interpretation of the Calmar case, which does not go that far." The court went on to say, "a re-lease fairly entered into and fairly safeguarding the rights of the seaman should be sustained."

In the instant case the district court found the release to be binding. There is no basis in the record for a finding by this Court that this release was not fairly entered into and did not fairly safeguard the rights of this seaman.

■ Appellant also claims that he is entitled to a judicial determination of his rights under the Vocational Rehabilitation Act (29 U.S.C.A. § 31 et seq.). By that Act the Federal Government is authorized to, and does, make yearly, grants to States "for the purpose of assisting the States in rehabilitating physically handicapped individuals so that they may prepare for and engage in remunerative employment to the extent of their capabilities, thereby increasing not only their social and economic well-being but also the productive capacity of the Nation." The administration of the program is left to the States:

"The State Plan shall provide that, except as otherwise specifically indicated in this part with respect to war-disabled civilians and civilian employees of the United States disabled while in the performance of their duty, the State Agency will assume responsibility for the determination as to the eligibility of individuals for vocational rehabilitation, and as to the nature and scope of rehabilitation services to be provided to such individuals, and that this responsibility will not be delegated to any other agency or individual, not of the State Agency Staff."

Neither the Act nor the Regulations provides a procedure for appeal from a denial of eligibility by a State Agency. The district court correctly held that libelant's claim for benefits under the Vocational Rehabilitation Act is not within the scope of a seaman's claim for maintenance and cure.

At the time of the argument counsel for appellee made a motion to dismiss the appeal upon the ground that appellant

failed to provide a transcript of the proceedings in the district court. That motion is denied.

The judgment of the district court is affirmed.