**Richard H. CLINTON, Petitioner,**

v.

**CIVIL AERONAUTICS BOARD,**
**Respondent.**

**No. 16500.**

United States Court of Appeals
Ninth Circuit.

May 3, 1960.

As Modified May 31, 1960.

Richard H. Clinton, Sherman Oaks, Cal., for petitioner.

Franklin M. Stone, General Counsel, O. D. Ozment, Civil Aeronautics Board, Washington, D. C., for respondent.

Before CHAMBERS, BARNES and JERTBERG, Circuit Judges.

PER CURIAM.

Petitioner Clinton sought a hearing before the Civil Aeronautics Board on a matter concerning an alleged revocation of a temporary Flight Navigator's License. The petition was dismissed without hearing as having been untimely filed, and also on the ground that petitioner was not entitled to any relief. The Civil Aeronautics Board affirmed the order of dismissal of the hearing examiner. Clinton petitions for review of the order of dismissal in this court under 49 U.S.C.A. § 1486.[1]

Clinton recites many difficulties encountered in obtaining a temporary license and thereafter attempting to convert it into a permanent regular license.

In July of 1958 Clinton filed this action with the Board, seeking redress for the actions of the Administrator of Civil Aeronautics in revoking his temporary licenses and not allowing him to take further practical tests unless he first passed the written tests. The Board's regulations require that such proceedings be commenced within six months of the refusal to issue a certificate. The petition was filed with the Board some two years after the refusal to issue the license.

Petitioner maintains that he is not bound by the six month limitation since he was not informed of his right to appeal the Administrator's action. He makes no contention that the right to appeal was concealed from him, but urges a "duty to inform" on the part of the Administrator. In effect he claims that his ignorance of the right to appeal tolled the statute of limitations. He cites no cases supporting this position, but urges

1. "Any order, affirmative or negative, issued by the Board or Administrator under this chapter, except any order in respect of any foreign air carrier subject to the approval of the President, as provided in section 1461 of this title, shall be subject to review by the courts of appeals of the United States * * *."

upon us cases where lack of knowledge of the cause of action was held to toll the statute.

Clinton candidly admits that the reason for this action and appeal is to obtain a judicial declaration of wrongfulness of the actions of the inspectors and the Administrator in 1956 in an action which he proposes to bring in the district court. One such complaint has been ordered dismissed. Other than serving as a basis for such Tort Claims Act litigation, there is no point to this action, since the temporary licenses which were "revoked" in 1956 would have long since expired by their terms. They would be of no benefit to Clinton, even if they were to be restored to him. He is no longer prejudiced by having to take the written examinations, since he has passed them and is now eligible to take the practical portion of the tests and undergo the physical examinations.

However, "remarkable" as it is that "the Petitioner, as a seaman with an Airman's Status, had the emotional stability to wait nearly two (2) years before he demanded to know what his rights were * * *", we find no authority in case or statute law which would allow him to extend the allowable period for filing petitions before the Civil Aeronautics Board, and void the statute of limitations established by the Board under its regulations.

Affirmed.