Richard H. **CLINTON**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 17338.

United States Court of Appeals Ninth Circuit.

Nov. 6, 1961.

Richard H. Clinton, in pro. per.

Charles P. Moriarty, U. S. Atty., Douglas M. Fryer, Asst. U. S. Atty., Keith R. Ferguson, Sp. Asst. to Atty. Gen., for appellee, Robert V. Holland and Bogle, Bogle & Gates, Seattle, Wash., of counsel.

Before POPE and HAMLIN, Circuit Judges, and JAMESON, District Judge.

HAMLIN, Circuit Judge.

This is an appeal by Richard H. Clinton, herein called appellant, from an order of the District Court of the Western District of Washington, which reads in part as follows:

"It is further ordered that libellant Richard H. Clinton be and hereby is permanently and forever enjoined from making claim against the United States of America of any nature whatsoever arising out of any alleged rights, liabilities or claim for damages or for any recovery of whatsoever nature, in admiralty, in contract, in tort, or in equity, arising out of any injury and/or damage

sustained by said libellant Richard H. Clinton on the 18th day of March, 1945, while serving aboard the S.S. PLYMOUTH VICTORY."

This court has jurisdiction under the provisions of 28 U.S.C.A. § 1291.

Appellant suffered certain injuries in an accident on March 18, 1945, while aboard the S.S. Plymouth Victory which was allegedly owned by the United States of America, appellee herein. On December 13, 1945, appellant filed an action in the district court setting forth said accident and claiming damages therefrom for "personal injuries part of which is maintenance and cure." On January 6, 1947, appellant duly executed a release in said action, wherein in consideration of the sum of $4,962.50 he did "release, discharge and forever acquit the steamship PLYMOUTH VICTORY, her agents * * * and the United States of America * * * of and for any and all claims, demands or charges of whatever nature and from any and all damages, injuries, actions or causes of action, either in law, in equity or admiralty, for negligence or otherwise, including claims for wages, MAINTENANCE AND/OR CURE, arising out of or in connection with that certain accident sustained by the [appellant] on or about the 18th day of March, 1945, while the undersigned was EMPLOYED AS ACTING SECOND MATE ABOARD SAID VESSEL * * *." In the action which was filed and at the time of the release appellant was represented by counsel at all times.

Eight years later, in August, 1955, appellant filed another action in the district court based on the same accident of March 18, 1945, aboard the S.S. Plymouth Victory in which he sought recovery for further maintenance and cure and for benefits under the Vocational Rehabilitation Act, 29 U.S.C.A. § 31 et seq. In this action the district court found that the release signed by appellant in 1947 cov-

ering the same accident precluded his recovery for further maintenance and cure and denied him benefits under the Vocational Rehabilitation Act. Thereafter, appellant appealed to this court, and this court affirmed the judgment of the district court, Clinton v. United States, 254 F.2d 409 (9th Cir., 1958), reference to which opinion is made for a further statement of facts. This court later denied appellant's petition for a rehearing. Subsequently, the United States Supreme Court denied appellant's petition for writ of certiorari, 358 U.S. 941, 79 S.Ct. 347, 3 L.Ed.2d 348 (1959).

On May 15, 1959, appellant in propria persona again filed an action in the United States District Court for the Western District of Washington, sometimes labeled a "libel of review" [1] and other times labeled a proceeding under Rule 60 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Set forth therein are twelve separate alleged causes of action in which he seeks again to set aside the terms of the release executed by him in 1947 and also seeks to recover further damages for maintenance and cure by reason of injuries allegedly suffered in the same accident of March 18, 1945, aboard the S.S. Plymouth Victory. The action contains the same general allegations and claims as were contained in the action filed by appellant in August, 1955, which last mentioned action has proceeded to final judgment against appellant.

Appellee filed a motion in the district court in said action seeking a permanent injunction to prevent the appellant from "continuing, commencing or prosecuting this or any other proceeding against it, in State or Federal Courts, or from relitigating or attempting to relitigate the same cause of action or any right, question of fact relating to the subject matter thereof, which was involved in the decisions of this court in RICHARD H.

---

1. A "libel of review" is a remedy akin to a bill of review in equity that has been used only in exceptional cases and then only rarely. See The Astorian, 57 F.2d 85, 86 (9th Cir.1932); The Frederick der Grosse v. Texas, 37 F.2d 354 (D.C.S.D. N.Y.1929); United States v. Dalzell, 68 F.Supp. 173 (D.C.S.D.N.Y.1946). See also 2 Benedict, Admiralty § 275 (6th ed. 1940).

CLINTON, LIBELLANT VS. UNITED STATES OF AMERICA, RESPONDENT, CASE No. 16145 by the Court of Appeals for the Ninth Circuit in "CLINTON, APPELLANT, VS UNITED STATES OF AMERICA, RESPONDENT, 254 Fed. 2d 409, or by the United States Supreme Court in RICHARD H. CLINTON, APPELLANT, VS UNITED STATES OF AMERICA, RESPONDENT, CAUSE No. 199 MISC. [358 U.S. 941, 79 S.Ct. 347] "3 L.Ed.2d 348." [sic][2] After notice to appellant the district court granted this motion in the language set out above and appellant thereafter timely filed this appeal.[3]

The matter now before this court is whether the action of the district court in granting the injunction against appellant was proper.[4]

Under the provision of 28 U.S.C.A. § 1651, the district court had power to issue all writs necessary or appropriate in aid of its jurisdiction.[5]

■ In Meredith v. John Deere Plow Co. of Moline, 8th Cir., 1958, 261 F.2d 121, 124, cert. denied, 359 U.S. 909, 79 S.Ct. 586, 3 L.Ed.2d 574 (1958), the court had a similar injunction before it. After setting out three suits which appellant had filed and which had been determined adversely to appellant upon appeal, the court therein stated:

> "As to appellee's right to the injunction issued, the subjecting of another to repeated, baseless and vexatious suits at law on some particular subject matter is, without reference to other considerations, sufficient ground for the issuance of an injunction against the perpetrator. First State Bank v. Chicago R. I. & P. R. Co., 8 Cir., 63 F.2d 585; Lee v. Bickell, 292 U.S. 415, 421, 54 S.Ct. 727, 78 L.Ed. 1337. See also Martin v. Beaver, 238 Iowa 1143, 29 N.W.2d 555, 558." [6]

In Helene Curtis Industries v. Sales Affiliates, 247 F.2d 940 (2nd Cir., 1957), the court affirmed the issuance of an injunction against further prosecution of litigation concerning an invalid patent

---

2. Appellant did not appear in court at the time set for hearing the motion.

3. That appellant is not a stranger to the federal courts is shown by the following statement appearing in appellant's brief at page 14:
"This Ninth Circuit has carefully reviewed the maritime activities of this Appellant in the several matters;
"1. 'Clinton v. U.S.' '254 Fed 2nd 409'; SEMAN'S [sic] RELEASE
"2. 'Clinton vs C.A.B.' '#16500, Case [9 Cir., 278 F.2d 506]: SEAMAN'S STATUS AS AIRMAN
"3. 'Clinton as MMP' #90; '161 Fed Supp. 177; SEAMAN'S UNION CONTRACT
"4. 'Clinton vs. Joshua Hendy Corp.' SEAMAN'S MAINTENANCE & CURE CLAIMS '264 Fed 2nd 329'; '277 Fed 2nd 447': '277 Fed 2nd 450'
"5. 'Clinton vs International Org. MMP' '254 Fed 2nd 370' SEAMAN'S UNION CONTRACTS SOUNDING IN ADMIRALTY
"6. 'Clinton vs Joshua Hendy Corp., #16916, #1700 SEAMAN'S SUBSEQUENT SUIT FOR MAINTENANCE AND CURE SEAMAN'S TORT CLAIM SOUNDING IN ADMIRALTY FOR LIBEL

"7. 'Clinton vs N.L.R.B.' Case # Misc. #997; SEAMAN'S UNFAIR LABOR CASE
"8. 'Clinton vs Internat. Organ. MMP' Misc. #1128.; 29' SEAMAN'S UNION CONTRACT UNFAIR DISCRIMINATION
"9. 'Clinton vs Inland Boatman's Union, Misc #1130' SEAMAN'S UNION EXPULSION CASE
*     *     *     *
"Appellant's history before this Ninth Circuit is likened to a Soap Opera Series. Something always going on, what will happen next. No need to read the next installment or episode, the audience can pick up the story after being away from the series for a length of time." [sic]

4. The appellant filed in propria persona a brief in this appeal, but, although duly notified of the time set for the argument on appeal, did not appear for such argument.

5. 28 U.S.C.A. § 1651(a). "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

6. 261 F.2d at 124.

and authorized the issuance of a similar injunction.

Appellant contends in his brief that the district court abused its discretion in issuing the injunction. Under the above cited authorities and under the circumstances of this case, we cannot agree. It is now some sixteen years since the accident of 1945 which is the basis for his claim for damages. He has on several occasions attempted to set aside the release which he executed in consideration for approximately $5,000, and in each instance he has been unsuccessful. We hold that the action of the district court in granting the injunction in question was proper, and the judgment is, therefore, affirmed.