HUGHES A. BAGLEY, INC., d/b/a Mike's Saloon; Hughes A. Bagley, Sr.; Marilyn Bagley; and Heidi Trembly, Plaintiffs–Appellees,

v.

Hughes Anderson BAGLEY, Jr., Defendant–Appellant.

No. 89–1530.

Court of Appeals of Iowa.

Sept. 26, 1990.

Hughes Anderson Bagley, Jr., Sioux City, pro se.

Michael P. Jacobs of Kindig, Beebe, Rawlings, Nieland, Probasco & Killinger, Sioux City, for appellees.

Considered by OXBERGER, C.J., and DONIELSON, SCHLEGEL, HAYDEN and HABHAB, JJ.

DONIELSON, Judge.

Plaintiffs Hughes A. Bagley, Sr. and Marilyn Bagley are the parents of plaintiff Heidi Trembly and defendant Hughes A. Bagley, Jr. Prior to 1982, defendant had been incarcerated in the federal prison system. In 1982 he returned to Plymouth County and moved in with his parents. In 1983 defendant began working at Mike's Saloon as the manager of a business owned by Bagley, Sr.

From 1982 to 1984 various disputes arose among the family members. In 1984 defendant was arrested and incarcerated on drug and firearm charges. He remained incarcerated until June 1988. Immediately prior to defendant's release, his parents and sister filed this action for a temporary and permanent injunction to prevent him from having any contact with them. A temporary injunction was granted. Following a hearing, the district court granted the permanent injunction on September 11, 1989.

Defendant has appealed the district court order granting injunctive relief. He contends the district court erred in several respects. First, he claims that the court improperly admitted and relied on a petition and a judgment granting similar injunctive relief to his ex-girlfriend. Second, that the court improperly admitted and relied on opinion and hearsay testimony. Defendant also contends there was insufficient evidence concerning the necessity of an injunction to support the issuance of the injunction. Last, he argues that an injunction is not a proper remedy to restrain the commission of penal acts.

■ In this action requesting a permanent injunction the court's equitable jurisdiction has been invoked. *Rector v. Alcorn*, 241 N.W.2d 196, 199 (Iowa 1976). Because the case stands in equity, our review is de novo. *Id.* We give weight to the district court's findings of fact, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

■ **I. *AVAILABILITY OF EQUITABLE REMEDY.*** The first issue we must address is whether an injunction can be issued under these circumstances. The defendant claims that his allegedly-threatened acts already have a proper remedy under criminal statutes and therefore cannot be enjoined. It is elementary that a court of equity will not resort to the granting of injunctive relief unless it appears there is an invasion or threatened invasion of a right, and that substantial injury will result to the party whose rights are so invaded, or such injury is reasonably to be apprehended. *Schmitt v. Kirkpatrick*, 245 Iowa 971, 977, 63 N.W.2d 228, 231 (1954). An injunction is an extraordinary remedy and must not be granted when an ordinary remedy will do. *State ex rel. Clemens v. Toneca, Inc.*, 265 N.W.2d 909, 915 (Iowa 1978).

■ Courts of equity will not interfere by injunction for the prevention of criminal acts unconnected with the violation of a private right. *Martin v. Beaver*, 238 Iowa 1143, 1150, 29 N.W.2d 555, 559 (1947). The test is whether the facts in the case show a necessity for intervention of equity in order to protect rights cognizable in equity. *State ex rel. Clemens*, 265 N.W.2d at 915. To satisfy this test, the party seeking the assistance of equity must show the inadequacy of the legal remedy. *Id.*

■ It is true the acts the plaintiffs are seeking to prevent have other legal remedies, i.e., statutes designed to prevent assault and harassment, Iowa Code chapter 708 (1989), as well as trespass, Iowa Code section 716.7, or a suit for damages. However, the critical inquiry is whether these legal remedies are inadequate under the circumstances. Plaintiffs are not precluded from seeking the issuance of a permanent injunction merely because criminal penalties exist which are designed to deter unlawful acts.

■ **II. *ADMISSIBILITY OF EVIDENCE.*** Bagley, Jr. contends the trial court improperly admitted and relied on a petition and a judgment granting similar injunctive relief to his ex-girlfriend. At the hearing, Bagley, Jr. first brought up the topic of this injunction. Plaintiffs then introduced the petition and judgment over defendant's objections. Defendant contended the court could not take judicial notice of the documents and they were irrelevant. The defendant's grounds for objection are without merit and, therefore, the trial court did not err in considering the admitted documents.

First, the trial court did not take judicial notice. Judicial notice is "[t]he act by which a court, in conducting a trial .... will, ... without the production of evidence, recognize the existence and truth of certain facts...." Black's Law Dictionary 761 (5th ed. 1979). Defendant's reliance upon *Cunha v. City of Algona*, 334 N.W.2d 591 (Iowa 1983), and *Johnson v. Johnson*, 188 N.W.2d 288 (Iowa 1971), is misplaced. Here the trial court recognized nothing without the production of evidence but rather admitted certified copies of a pleading and a judgment into the record of the Bagley dispute.

Second, the evidence was not irrelevant. Iowa Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Some of the facts of consequence in the injunction proceeding include defendant's capacity to threaten and intimidate others, plaintiffs' reasonable apprehension of harassment and intimidation by defendant, and the adequacy of our criminal laws in deterring defendant from engaging in unlawful acts. The petition and judgment granting injunctive relief to defendant's ex-

girlfriend are not objectionable on grounds of irrelevancy [1].

■ Defendant next contends the court improperly admitted and relied on opinion and hearsay testimony. In equity cases, the trial court should ordinarily not rule on objections to testimony, but receive all answers subject to the objection. This procedure permits de novo review of the record in the appellate courts. *See Leo v. Leo*, 213 N.W.2d 495, 497–98 (Iowa 1973). We have reviewed the record and conclude the trial court did not improperly rely on opinion and hearsay testimony.

■ Marilyn Bagley testified that she believed Bagley, Jr. was capable of committing violent acts toward his father. This opinion was based upon her observations and perceptions of her son's behavior and was helpful to the determination of Bagley, Jr.'s capacity for violence and the necessity of injunctive relief. This testimony is permissible under Iowa Rule of Evidence 701.

■ The trial court heard testimony from Bagley, Sr. that others had related to him Bagley, Jr. had threatened to kill Sr. This testimony, if offered to prove the truth of the threats, is hearsay and generally inadmissible. Iowa R.Evid. 801, 802. However, this evidence is admissible to show its affect on Bagley, Sr. and is not hearsay for that purpose. The trial court could properly rely on this testimony in its determination of plaintiffs' apprehension of defendant.

■ **III. *SUFFICIENCY OF EVIDENCE.*** The trial court heard testimony from Bagley, Jr., his father, his mother, and his sister. The trial court heard testi-

mony that Bagley, Jr. has hit his sister in the face and has twisted his mother's arm, both times inflicting pain, has demonstrated harassing and intimidating tendencies, has threatened to kill his sister, and has made repeated intimidating statements—even from the confines of prison. Bagley, Jr.'s family members fear him. The trial court was able to observe the demeanor and credibility of the witnesses. After hearing the testimony, the trial court determined it was necessary to provide the plaintiffs with a permanent injunction because Bagley, Jr. was hostile toward plaintiffs and had a capacity for violence for which later civil damages or criminal sanctions were inadequate protection. Our review of the record leads to the same conclusion. Though the penal laws regarding assault and harassment are indeed intended to prohibit and prevent unlawful conduct, it is apparent to this court that Bagley, Jr. is undeterred.

The trial court's order permanently enjoining Bagley, Jr. from harassing, intimidating, or threatening plaintiffs is affirmed.

Appellant, Bagley, Jr. is to pay costs of the appeal.

AFFIRMED.

SACKETT, J., takes no part.

---

1. Defendant now contends the evidence is inadmissible character evidence; however, since no such objection was urged in the trial court, the issue cannot be raised for the first time on appeal. *See Rhiner v. City of Clive*, 373 N.W.2d 466, 476 (Iowa 1985).