# IN THE COURT OF APPEALS OF IOWA

No. 19-1001
Filed June 3, 2020

**ANGELA MARIE CLARK,**
Plaintiff-Appellant,

**vs.**

**DARRYL LEE DOWNS and JENNIFER D. DOWNS,**
Defendants-Appellees.
_____

Appeal from the Iowa District Court for Dallas County, Randy V. Hefner, Judge.

Angela Clark appeals the jury verdict in a harassment and trespassing case.
**AFFIRMED.**

Daniel P. Kresowik and Billy J. Mallory of Brick Gentry P.C., West Des Moines, for appellant.

William H. Larson of Klass Law Firm, L.L.P., Sioux City, for appellees.

Considered by Bower, C.J., and Greer and Ahlers, JJ.

**GREER, Judge.**

Getting along is the quintessence of "neighborhood," but that ideal escaped these neighbors. Claims of trespass and harassment led to a lawsuit between next-door neighbors. Now Angela Clark appeals the jury verdict, claiming that the district court made several errors during the trial. Clark asserts the trespass instruction should have required the jury to award damages because of the admission of trespass, the court erred by not instructing on spoliation of photographic evidence, the court abused its discretion by failing to grant a permanent injunction prohibiting trespassing, and, finally, the court erred by denying the motion for additur or new trial based on an inadequate verdict.

## I. Background Facts and Proceedings.

Clark bought her Waukee, Iowa home in August 2006. In September 2013, Darryl and Jennifer Downs (collectively, "the Downses") joined the neighborhood, purchasing the home north of Clark's property. Soon relations soured.

This dispute between next-door neighbors came to a head in 2015 when Clark demanded that the Downses stay off her property. Clark authored an email communication describing several instances where the Downses' children used the Clark backyard as a short-cut. Noting the Downses were a "wonderful addition to the neighborhood," Clark was adamant that her yard was off limits. Not to be deterred, the Downses and their children continued to enter the property for various purposes—including some without good intentions.[1] Then when the

---

[1] Darryl placed a "garage sale" sign on the boundary fence between the Downses' and Clark's properties. He hung paper plates with eye balls drawn on them in the tree as if they were watching Clark. But Clark posted a "no trespassing" sign, and part of her trespass complaints involved the Downses standing on the Clark

Downses attempted to improve the bordering fence in June, Clark again emailed directing the Downses to contact the city for guidance on the fencing project and provided a second notice to the Downses to not use her property without her permission. Subtle digs continued. The Downses addressed concerns that maintenance of the fence would be impossible without access to the Clark property. They suggested flipping the fence so the "good" side faced their property and could be more easily maintained on the Downses' side.

But the irritations grew. In December, Clark sought legal counsel and a letter was sent to the Downses referencing increasingly hostile behaviors, such as yelling obscenities, growing grass between the yards, and placing snow poles on and over the property line. The letter directed the Downses to seek permission to enter if they were repairing the fence and threatened criminal charges if that directive was not followed. The Downses followed that correspondence with a call to the attorney who confirmed the call with a letter noting all communication should be made through the attorney. Clark's attorney advised that "you and everyone in your household refrain from any communication with [Clark]." More letters followed in 2016 and 2017 with directives and descriptions of violations relating to trespass. In March 2017, Clark's grill cover blew into the Downses' yard and communications about its return ended with "[i]f it is not returned, my client will have to pursue her legal remedies."

---

property to repair the border fence and stepping over the line to maneuver the lawn mower. To further the tension, both sides took photographs of the actions of the other.

Finally on December 15, 2017, Clark brought an action against the Downses for relief under claims of trespass, invasion of privacy, conversion, and punitive damages. She added a defamation claim in November 2018.[2] The Downses admitted they trespassed on Clark's property but denied all other claims. After several days of trial, the jury found Darryl Downs liable for trespass, conversion, and invasion of privacy. The jury found no liability on any claim against Jennifer Downs, except for the trespass claim. Against Darryl Downs only, the jury awarded Clark $100 on the conversion claim and $500 for the invasion-of-privacy claim. On the verdict form requesting trespass damages against both of the Downses, the jury indicated that the trespass of each defendant was not the cause of any damage to Clark and awarded Clark nothing. But the judge filed a judgment entry awarding Clark trespass damages of $1 against Jennifer and $1 against Darryl. On the punitive damage claim, the jury answered "yes" to the question: "Do you find by a preponderance of clear, convincing, and satisfactory evidence that the conduct of [Darryl] constituted willful and wanton disregard for the rights and safety of another?" But the jury awarded no punitive damages to Clark. Including the district court's award of nominal damages, the total jury verdict against the Downses was $602. Clark filed post-trial motions requesting a permanent injunction prohibiting future trespass and asking for additur or new trial. The district court denied all post-trial motions but did amend the judgment entry to tax court costs jointly and severally against the Downses.

---

[2] Clark dismissed the defamation theory before the start of the jury trial.

## II.  Scope of Review.

We review challenges to jury instructions for correction of errors at law. *Schmitt v. Koehring Cranes, Inc.*, 798 N.W.2d 491, 495 (Iowa Ct. App. 2011).  "The court is required to give a jury instruction requested by a party if the proposed instruction states a correct rule of law, applies to the facts of the case, and is not embodied in other instructions."  *Id.* at 496.  "Instructional errors do not merit reversal unless prejudice results."  *Rivera v. Woodward Res. Ctr.*, 865 N.W.2d 887, 892 (Iowa 2015).  "Prejudice occurs and reversal is required if jury instructions have misled the jury, or if the district court materially misstates the law."  *Id.*

"A request for an injunction invokes the court's equitable jurisdiction," and so our review is de novo.  *Matlock v. Weets*, 531 N.W.2d 118, 121 (Iowa 1995) (referencing previous rule citations, the district court allowed a permanent injunction to prohibit obsessive behaviors that appeared dangerous to a reasonable person).

Lastly, all parties agree that when considering a district court's denial of motions for additur and a new trial, the standard is abuse of discretion.  *Fry v. Blauvelt*, 818 N.W.2d 123, 128 (Iowa 2012).

## III.  Trespass Instruction Errors.

Clark points to a conflict between two of the jury instructions on trespass.  More simply, Clark argues damages are presumed because of the admitted trespass so the court should have mandated the jury to award some damage amount for trespass.  Instead, the district court required the jury to determine if any damages were caused by the trespass.

Instruction eleven confirmed to the jury the Downses' admission to trespass[3] and Clark's entitlement to damages: "In this case, both [the Downses] admit trespassing on Plaintiff's land. Plaintiff *is thus entitled to recover damages for trespass in some amount*." (Emphasis added.) And the Downses concede that the district court correctly instructed the jury that Clark was entitled to damages for their admitted trespass. They assert Clark still had to prove which damages were caused by the trespass.

"Jury instructions 'must convey the applicable law in such a way that the jury has a clear understanding of the issues it must decide.'" *Rivera*, 865 N.W.2d at 892 (quoting *Thompson v. City of Des Moines*, 564 N.W.2d 839, 846 (Iowa 1997)). The difficulty arose from the verdict form the district court crafted to address Clark's damage award on the trespass theory against the Downses. Verdict form number one provided and the jury found as follows:

**Question No. 1: Was the Defendant, Jennifer Downs', trespass the cause of any actual damage to the Plaintiff, as explained in Instruction No. 12?**

ANSWER:  ☐ Yes.
    ☑ No.

[If your answer is "no", do not answer Question No. 2.]

---

[3] "A trespasser is one who is not rightfully upon the property of another, but enters it without consent, either express or implied, of the owner or occupier." *Iowa State Highway Comm'n v. Hipp*, 147 N.W.2d 195, 199 (Iowa 1966).

**Question No. 2: What is the amount of damage caused by Defendant, Jennifer Downs', trespass for the following elements of damage?**

Reasonable value of loss of use or enjoyment:     $_____
Reasonable cost to repair damage:     $_____
Emotional distress caused by trespass:     $_____

TOTAL:     $_____

**Question No. 3: Was the Defendant, Darryl Downs', trespass the cause of any actual damage to the Plaintiff, as explained in Instruction No.12?**

ANSWER:     ☐ Yes.
            ☑ No.

[If your answer is "no", do not answer Question No. 4.]

**Question No. 4: What is the amount of actual damage caused by Defendant, Darryl Downs', trespass for the following elements of damage?**

Reasonable value of loss of use or enjoyment:     $_____
Reasonable cost to repair damage:     $_____
Emotional distress caused by trespass:     $_____

TOTAL:     $_____

Before submission of these instructions to the jury, Clark objected to the language of verdict form number one and argued that the jury should be told that "they must enter at least $1." Clark's argument was:

> As stated off the record it is our position that once trespass has been shown, no further, the plaintiff does not need to prove causation. . . . [A]nyone who intentionally and without consent entered land in possession of another is liable as a trespasser to the other irrespective of whether harm is caused to any legally-protected interest. . . . The prevailing plaintiff in an action for trespass to real property is entitled to at least nominal damages even in the absence of proof of injury and where the plaintiff is benefitted by the trespass.

The district court did not want to "identify specific items of actual damages" believing it would confuse the jury. In the end, the court decided the issue by reasoning:

> Now one change I've made from the draft that counsel are looking at, Verdict Form Number 1: Was the defendants' trespass the cause of any actual damage to the plaintiff as explained in Instruction Number 12? Yes or no. I've added: If your answer is no, do not answer question number two. Now I understand that plaintiffs object to that change, but after working with these verdict forms the purpose of the jury is to determine, with respect to trespass, the actual damages that were caused. I'm including that so as to not confuse the jury by asking the jury to enter an amount of damages even though, or even if they find there were no actual damages caused. As I stated, *if the jury answers no to question one or question three, then I will enter judgment against defendants for an appropriate amount of nominal damages*.

(Emphasis added.) Clark still objected.

At first blush, Clark makes a strong argument. Did not telling the jury that Clark was *entitled to some amount* of trespass damages conflict with requiring the jury to determine if the trespass *caused damages*? Her point is bolstered by the reasoning found in *Nichols v. City of Evansdale*, 687 N.W.2d 562 (Iowa 2004). In *Nichol*s, a city trespassed on a resident's land by placing sewer lines across the property without obtaining the necessary easement or permission. *Nichols*, 687 N.W.2d at 567–68. As in this case, *Nichols* established a claim of trespass and the court confirmed they were entitled to damages. *Id.* at 573 ("From every unlawful entry, or every direct invasion of the person or property of another, the law infers some damage.") (quoting 75 Am. Jur. 2d *Trespass* § 117 (1991)). But *Nichols* rejected some elements of damage that were not appropriate under the facts of the case. *Id.* at 573 n.2 (finding that loss of use, discomfort, and annoyance

were not appropriate measures of damage). And across different jurisdictions, there are two approaches in trespass cases where damages are problematic:

> A jury verdict finding that there was a trespass but no damages, either nominal or compensatory, is invalid and incomplete so that the judgment based thereon must be considered a nullity.
> Another view is that it is possible for the jury to find that a trespass was committed but to award no damages for the trespass where it was nondeliberate and caused no actual damage. Thus nominal damages need not be awarded where no actual loss has occurred.

75 Am. Jur. 2d *Trespass* § 97. In an earlier trespass case, a panel of our court determined that although trespass was established, a directed verdict was proper where no damages were shown based upon the evidence presented. *Krotz v. Sattler*, No. 03-0013, 2004 WL 2297151, at *3 (Iowa Ct. App. Oct. 14, 2004); *but see Hipp*, 147 N.W.2d at 199 (concluding that injury is presumed by unauthorized entry "even if no damage is done, or the injury is slight"); *Wing v. Seske*, 109 N.W. 717, 717 (Iowa 1906) (finding while failure to give nominal damages is not reversible error, even without proof of specific damage, if trespass over time becomes the basis for adverse possession "a verdict for nominal damages serves to vindicate and establish the plaintiff's title"); *Long v. Lauffer*, No. 09-1916, 2011 WL 222530, at *9 (Iowa Ct. App. Jan. 20, 2011) (noting that the trespasser is liable to possessor of land "irrespective of whether harm is cause to any legally protected interest"). Thus it is unclear here whether nominal damages were mandated or whether Clark had to prove her specific trespass damages.

But we do not have to answer that question today. Just as the jury was told, the jury instructions are not considered separately but as a whole. *Kiesau v. Bantz*, 686 N.W.2d 164, 175 (Iowa 2004), *overruled on other grounds by Alcala v. Marriott*

*Int'l, Inc.*, 880 N.W.2d 699 (Iowa 2016). When considering the instructions as a whole, this jury was told that "it was presumed that injury resulted from a trespass" and that "one is subject to *liability* to another for trespass, whether actual damage was caused or not." (Emphasis added). Then the jury was instructed that since the Downses admitted trespassing, Clark "*is thus entitled to recover damages for trespass in some amount.*" (Emphasis added). But there were other instructions to consider that escaped objection. And the jury considered that "no one instruction includes all of the applicable law."

Those other instructions included an instruction on the elements of damages for a trespass claim. We note that Clark provided no trespass damage instruction in her proposed instructions.[4] But in the court's drafted instruction number 12, the jury learned that "[y]ou *may* consider the . . . elements of damage *allegedly caused* by [the Downses'] trespass." (Emphasis added.) The instruction in full states:

---

[4] Clark drafted this interrogatory in her trespass verdict form: "QUESTION NO. 2**.** Please state the amount of damages, *if any*, that you award Ms. Clark against Jennifer Downs for trespass:" (Emphasis added.)

**INSTRUCTION NO. 12**

You may consider the following elements of damage allegedly caused by Defendants' trespass:

1.      The reasonable value of Plaintiff's loss of the use or enjoyment of her property;

2.      The reasonable cost to repair any damage caused by the trespass;

3.      Emotional distress damages caused by the trespass, as explained in Instruction No. 18.

There were no objections to this damage instruction. When instructions are not objected to, they become "the law of the case." *Hoskinson v. City of Iowa City*, 621 N.W.2d 425, 430 (Iowa 2001). These three elements were the only damage choices on the trespass verdict form.

Then, without objection, the jury was also given a causation instruction that did not restrict its application under the trespass theory:

**INSTRUCTION NO. 19**

The conduct of a party is a cause of damage when the damage would not have happened except for the conduct. There can be more than one cause of an injury or damage.

A party is legally responsible only for the damage caused by that party. In this case, Darryl Downs is not liable for the wrongful acts of Jennifer Downs, and Jennifer Downs is not liable for the wrongful acts of Darryl Downs.

A party cannot recover duplicate damages. Amounts awarded under one item of damage or one theory of recovery should not be included in any amount awarded under another item of damage or under another theory of recovery.

Again, the language of this instruction became the law of the case. *Ludman v. Davenport Assumption High Sch.*, 895 N.W.2d 902, 916 (Iowa 2017).

Viewing the instructions as a whole, the jury could, but did not have to, consider the three damage elements for trespass. But after reviewing all of the instructions, the jury was offered only those three potential damage options. The jury, finding none of those three specific options had been proved, did not award Clark damages—in spite of the instruction Clark was entitled to damages for the trespass. While the better course of action would be to have the jury award some dollar amount, here, without objection, the instructions left no opportunity to award any amount other than these three elements of trespass damages.[5] Because nominal damages are often unrelated to any actual injury and the three elements submitted required a showing of some injury,[6] the jury was hamstrung. 75 Am. Jur. 2d *Trespass* § 106. Following all of the instructions, the jury rejected the damages and found the trespass was not the cause of any of the three damage elements provided in the instructions.

Clark also complains that it was improper for the district court to exercise its judgment in awarding a nominal trespass verdict. *See Clinton Physical Therapy Servs., P.C. v. John Deere Health Care, Inc.*, 714 N.W.2d 603, 614 (Iowa 2006) ("A judge cannot exercise the power to substitute its judgment for the judgment of

---

[5] The causation instruction also mandated that a party "could not recover duplicate damages." The jury awarded Clark $500 for emotional distress related to the invasion-of-privacy claim and nothing for emotional distress in the trespass claim, but no objections to the instructions covered this potential conflict.

[6] Some of the acts of trespass alleged against the Downses involve conduct generally tolerated by neighbors, such as stepping over the boundary line to mow and to repair a fence, so it is feasible a jury simply believed no actual injury to Clark occurred.

the jury."). No request was made by Clark to send the verdict form back to the jury panel, and no record was made about the failure of the jury to award any damages for trespass. Even so, "[t]he trial court has three alternatives where the answers are consistent with each other but inconsistent with the general verdict: (1) order judgment appropriate to the answers notwithstanding the verdict; (2) order a new trial; or (3) send the jury back for further deliberations." *Dutcher v. Lewis*, 221 N.W.2d 755, 765 (Iowa 1974). "Ordinarily, it is discretionary with the court as to which of these alternatives to choose." *Id.* The jury found the trespass caused no damages to Clark. Thus, we find the trial court could order a verdict of nominal damages where the jury gave no damages. Jury "verdicts are to be liberally construed to give effect to the intention of the jury and to harmonize the verdicts if it is possible to do so." *Hoffman v. Nat'l Med. Enters., Inc.*, 442 N.W.2d 123, 126 (Iowa 1989). A verdict can be reformed when the change "clearly and definitely expresses the jury's intentions." *Clinton Physical Therapy*, 714 N.W.2d at 614 (citation omitted). Under these facts, we find the district court gave effect to the intentions of the jury and any error raised by Clark is harmless. *Rivera*, 865 N.W.2d at 903 (noting an error in the instructions may be harmless "if the record affirmatively establishes that a party has not been injuriously affected by the alleged error or that there has not been a miscarriage of justice").

### IV. Spoliation Instruction.

Clark asserts the district court erred by failing to instruct the jury on spoliation of evidence. After Darryl testified he deleted 2014 cell phone photographs he had taken of Clark, her daughter, and areas around Clark's home, Clark requested a spoliation instruction. The district court denied the request,

noting that the pictures from the cell phone were downloaded from the phone to Darryl's computer and that the elements to support the instruction were not met. "It is a well established legal principle that the intentional destruction of or the failure to produce documents or physical evidence relevant to the proof of an issue in a legal proceeding supports an inference that the evidence would have been unfavorable to the party responsible for its destruction or nonproduction." *Phillips v. Covenant Clinic*, 625 N.W.2d 714, 718 (Iowa 2001). The inference is that a party who intentionally destroys a document is likely to have been threatened by the document. *See id.* (finding that intentional destruction of evidence is required to show spoliation). The instruction is not warranted if the disappearance of evidence is due to mere negligence. *State v. Hulbert*, 481 N.W.2d 329, 333–34 (Iowa 1992) (finding the negligent erasure of interview tape could not support spoliation instruction).

Clark needed to establish four factors: (1) the evidence was "in existence"; (2) the evidence was "in the possession of or under control of the party" charged with its destruction; (3) the evidence "would have been admissible at trial"; and (4) "the party responsible for its destruction did so intentionally." *State v. Langlet*, 283 N.W.2d 330, 335 (Iowa 1979). In an investigation in 2014, Darryl took photographs of Clark in her backyard with her dogs. He turned her in to the City of Waukee for harboring too many dogs on her property. The photographs also showed the surveillance camera installed by Clark, as the Downses were concerned about their privacy. But the Downses' cell phone was replaced in June 2017, and the phone was cleaned, erased, and turned in to the cell carrier. Some photographs were downloaded and saved. All photographs saved were produced in discovery

according to Darryl. There were a number of photographs taken by the Downses of Clark or her property produced in the case. A spoliation inference should be utilized prudently and sparingly. *See Crosser v. Iowa Dep't of Pub. Safety*, 240 N.W.2d 682, 685 (Iowa 1976). Finding no evidence that some of the photographs were intentionally destroyed, the record does not support a spoliation instruction.

## V. Request for Permanent Injunction.

The district court denied Clark's request for a permanent injunction to prohibit the Downses from entering her property. Clark argues use of this extraordinary remedy is the only way to stop the Downses from trespassing. To establish entitlement to injunctive relief, Clark had to show "(1) an invasion or threatened invasion of a right; (2) that substantial injury or damages will result unless the request for an injunction is granted; and (3) that there is [not another] adequate [means of protection] available." *Sear v. Clayton Cty. Zoning Bd. of Adjustment*, 590 N.W.2d 512, 515 (Iowa 1999). This relief can be fashioned to prevent repetition of trespass or to stop improper interference with property rights. *Ney v. Ney*, 891 N.W.2d 446, 451 (Iowa 2017) (finding that assault coupled with repeated acts of trespass and harassment warranted injunctive relief). But injunctions are "an extraordinary remedy which should be granted with caution and only when clearly required to avoid irreparable damage." *Planned Parenthood of Mid-Iowa v. Maki*, 478 N.W.2d 637, 639 (Iowa 1991). And the grant of an injunction requires "that substantial injury will result to the party whose rights are so invaded, or such injury is reasonably to be apprehended." *Hughes A. Bagley, Inc. v. Bagley*, 463 N.W.2d 423, 425 (Iowa Ct. App.1990) (affirming the district court enjoining a family member from contact with other members after a number of assaults and

threats, when the family member's capacity for violence was undeterred by other sanctions). If granted, an injunction should be "drawn narrowly enough to address the harm sought to be redressed." *Matlock*, 531 N.W.2d at 123.

The antics of these parties do not rise to the level of injury to require the extraordinary remedy of injunctive action by the court. The district court observed the parties and noted, "[The Downses] testified that they would not again trespass onto [Clark's] property, and this testimony was credible." Having the benefit of seeing and listening to witnesses, we generally give weight to credibility findings of the district court, although we are not bound by them. *See Bagley*, 463 N.W.2d at 425; *see also* 75B Am. Jur. 2d *Trial* § 1582 (providing the trial judge has had the best opportunity to observe the verbal and nonverbal behavior of the witnesses, in contrast with merely looking at the cold pages of an appellate record). We agree with the district court finding that the deterrent effect of the civil litigation is substantial to the Downses. Because Clark failed to demonstrate the elements justifying issuance of a permanent injunction, the district court correctly denied injunctive relief.

## VI. Denial of Motion for Additur or New Trial.

With a jury verdict of $602 in hand, Clark argues the damage award was not adequate based on the evidence. *See* Iowa R. Civ. P. 1.1004(4), (6). The district court found that the "evidence did not support significantly greater damages." "The determination of damages is traditionally a jury function." *Estate of Pearson ex rel. Latta v. Interstate Power & Light Co.*, 700 N.W.2d 333, 345 (Iowa 2005). "A jury's assessment of damages should be disturbed 'only for the most compelling reasons.'" *Id.* (quoting *Rees v. O'Malley*, 461 N.W.2d 833, 839 (Iowa

1990)). "[W]e view the evidence in the light most favorable to the verdict . . . ." *Id.* (quoting *Olsen v. Drahos*, 229 N.W.2d 741, 742–43 (Iowa 1975)). And appellate courts will not disturb the "award when it is within a reasonable range of evidence." *See Stender v. Blessum*, 897 N.W.2d 491, 517 (Iowa 2017) (citation omitted). "Ultimately, 'we are reluctant to interfere with a jury verdict' or the district court's consideration of a motion for new trial made in response to the verdict." *Estate of Long ex rel. Smith v. Broadlawns Med. Ctr.*, 656 N.W.2d 71, 88 (Iowa 2002) (citation omitted), *abrogated on other grounds by Thompson v. Kaczinski*, 774 N.W.2d 829 (Iowa 2009). The test we must apply is "whether the verdict fairly and reasonably compensates the injury the party sustained." *Baker v. City of Ottumwa*, 560 N.W.2d 578, 583 (Iowa 1997) (citation omitted).

Even with the low dollar verdict, the district court, with the benefit of participating over the entire trial, denied Clark's motion for additur and new trial. *See Olsen*, 229 N.W.2d at 743 (finding it was appropriate to consider that after seeing and hearing witnesses and observing the entire process, the trial court did not see fit to interfere with the verdict). During closing argument, Clark argued for $7500 for the invasion-of-privacy claim and $10,000 for emotional-distress damages.[7] But Clark presented no claim for damage to any real property, except for her requested reimbursement for attorney fees to write letters asking for the grill cover ($800) and for grass seed where the Downses mowed ($150). Clark testified that not all of the bags of grass seed were used in the area she claimed

---

[7] No expert supported the claim for emotional distress; Clark had not sought medical or psychological support, and she described her feelings as being "tired," "frustrated," and "confusing."

the Downses damaged. And Clark required the Downses to communicate through her attorney even though they suggested she come and retrieve the grill cover. Considering the evidence and the nature of the claims, we cannot find the denial of the motion for additur and new trial was an abuse of discretion.

**VII. Conclusion.**

Under the specific facts of this case, we find any error in the instructions was harmless, the instruction on spoliation was not warranted, the district court did not abuse its discretion by failing to grant a permanent injunction prohibiting trespassing, and, finally, the court properly denied the motion for additur or new trial.

**AFFIRMED.**